Filed 4/4/24  P. v. Bermingham CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> RYAN BERMINGHAM, <br><br> Defendant and Appellant. | D082366 <br><br><br> (Super. Ct. No. SCN434259) |

APPEAL from a judgment of the Superior Court of San Diego County, Brad A. Weinreb, Judge.  Affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Ryan Bermingham entered into a plea agreement under which he pleaded guilty to assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)) and driving under the influence of alcohol causing injury (Veh.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

Code, § 23153, subd. (a)).  He also admitted the enhancement under section 12022.7, subdivision (a).

The parties stipulated Bermingham would be sentenced to a determinate term of three years eight months in prison.

Prior to sentencing Bermingham brought a motion to replace counsel. (See *People v. Marsden* (1970) 2 Cal.3d 118.)  The court held a hearing and denied the motion.  The court also denied Bermingham's motion to withdraw his guilty pleas.  Bermingham was sentenced to the stipulated term of three years eight months in prison.

Bermingham filed a timely notice of appeal.  The court issued a certificate of probable cause.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to independently review the record for error as mandated by *Wende*.  We offered Bermingham the opportunity to file his own brief on appeal, but he has not responded.

The court did not conduct any evidentiary hearings on the facts of the offenses in light of the guilty pleas.  Accordingly, we will not include a statement of facts in this opinion.

### DISCUSSION

As we have noted appellate counsel has filed a *Wende* brief and asks the court to review the record for error.  To assist the court in its review and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has listed the following possible issues that were considered in evaluating the potential merits of this appeal.

1. Whether the court erred in denying the *Marsden* motion.

2

2.  Whether there was any evidence that Bermingham was coerced in the guilty plea.

3.  Whether the terms for counts 1 and 3 should have been run concurrently and stayed under section 654.

We have reviewed the record as required by *Wende* and *Anders.*  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented Bermingham on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

BUCHANAN, J.